# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

KRISTINA HELMLINGER,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,[1]

    Defendant.

Civil Case No.: SAG-18-666

## MEMORANDUM OPINION

On March 6, 2018, Plaintiff Kristina Helmlinger, who proceeds *pro se*, petitioned this Court to review the denial of her claims for benefits. [ECF No. 1]. The Social Security Administration ("SSA") filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), on the grounds that Ms. Helmlinger failed to exhaust her administrative remedies prior to filing her complaint. [ECF No. 12]. On June 7, 2018, the Clerk's Office mailed a Rule 12/56 letter to Ms. Helmlinger to explain the potential consequences of failing to respond to the SSA's Motion to Dismiss. [ECF No. 13]. Nevertheless, Ms. Helmlinger did not file a response. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons explained below, I will grant the SSA's Motion to Dismiss.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

I.  FACTS

On September 21, 2012, Ms. Helmlinger filed for benefits. [ECF No. 12-2 at 3 ¶ 3(a)]. Her claims were denied initially and on reconsideration. *Id.* At Ms. Helmlinger's request, the Social Security Administration ("SSA") scheduled a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 3 ¶ 3(b). On August 24, 2016, an ALJ dismissed Ms. Helmlinger's request for a hearing because Ms. Helmlinger failed to appear for the hearing. *Id.* After Ms. Helmlinger requested review, the Appeals Council remanded the case to an ALJ, finding that Ms. Helmlinger's mental impairments and unrepresented status warranted another opportunity for a hearing. *Id.*; *see also* [ECF No. 12-2 at 24].

On March 30, 2018, an ALJ again dismissed Ms. Helmlinger's request for hearing, because she again did not appear at the appointed hearing time. *Id.* at 3 ¶ 3(c). Prior to dismissal, on Feburary 26, 2018, the ALJ sent Ms. Helmlinger a Notice to Show Cause for her failure to appear, but Ms. Helmlinger did not respond. *Id.* at 30. Although she was not participating in the administrative proceedings during this time, as noted above, Ms. Helmlinger filed the instant action in this Court on March 6, 2018. [ECF No. 1].

II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). While the plaintiff bears the burden of proving that a court has jurisdiction over the claim or controversy at issue, a Rule 12(b)(1) motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010); *see also Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a motion to dismiss for lack of subject matter jurisdiction, the

pleadings should be regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647.

## III. ANALYSIS

The SSA argues that this Court lacks jurisdiction over Ms. Helmlinger's appeal because she failed to exhaust her administrative remedies and is not appealing from a final decision. Under sections 405(g) and 405(h) of the Social Security Act, an individual may only obtain judicial review of the SSA's "final" decision after she has exhausted all administrative remedies. 42 U.S.C. §§ 405(g)-(h). Because there is no formula for determining whether a decision is final, the meaning of that term is left to federal and state agencies to define by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Section 405(g) of the Social Security Act provides that "any individual, after any final decision of the Commission made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action[.]" 42 U.S.C. § 405(g). In Ms. Helmlinger's case, no hearing was ever held. The ALJ dismissed Ms. Helmlinger's claim pursuant to 20 C.F.R. § 416.1457(b), because she failed to appear for her scheduled hearings.

Regarding a similar issue, the Fourth Circuit has held that the Appeals Council's refusal to review an ALJ's dismissal of an untimely request for review did not constitute a final decision, because the claimant did not exhaust his administrative remedies in failing to properly request review of his case. *Adams v. Heckler*, 799 F.2d 131, 133 (4th Cir. 1986). The Fourth Circuit reasoned that "[s]uch action does not address the merits of the claim, and thus cannot be considered appealable[.]" *Id.* (citing *Smith v. Heckler*, 761 F.2d 516, 518 (8th Cir. 1985)). Moreover, the Fifth Circuit held that a federal court does not have jurisdiction over the appeal of

the Appeals Council's decision to uphold an ALJ's dismissal of a request for a hearing, where dismissal occurred due to the claimant's failure to appear. *Brandyburg v. Sullivan*, 959 F.2d 555, 558-59 (5th Cir. 1992). The Fifth Circuit reasoned that "dismissal on procedural grounds at the administrative stage . . . deprives the district court of jurisdiction under section 405(g)." *Id.* at 562; *see also Estate of Lego v. Leavitt*, 244 F. App'x 227, 232 (10th Cir. 2007) (recognizing that "district courts lack jurisdiction to review an ALJ's procedural dismissal under § 416.1457").[2] I concur with the reasoning in those decisions. Because Ms. Helmlinger's appeal was dismissed on procedural grounds due to her failure to appear at her two scheduled hearings, this Court lacks jurisdiction to hear her appeal.

IV. **CONCLUSION**

For the foregoing reasons, the SSA's Motion to Dismiss, [ECF No. 12], is GRANTED, and the Clerk is directed to CLOSE this case.

A separate order follows.

Dated: July 10, 2018                                    /s/
                                              Stephanie A. Gallagher
                                              United States Magistrate Judge

---

[2] Other district courts have held specifically that federal courts have no jurisdiction when an ALJ dismisses a claim without a hearing. *Nelson v. Barnhart*, No. Civ.A. 03-842-A, 2003 WL 24122717, at *2 (E.D. Va. Dec. 19, 2003).

4